IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DUSTIN BLEVINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-388-T |
| | ) | |
| | ) | |
| JUSTIN JONES, Director, Oklahoma | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a prisoner appearing *pro se*, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. Respondent filed a motion to dismiss the petition, and petitioner responded.

On May 16, 2007 Judge Purcell filed a Report and Recommendation [Doc. No. 10] in which he recommended that the motion to dismiss be granted and that the petition, construed in part as asserting habeas claims and in part as arising under 42 U. S. C. § 1983, be dismissed with prejudice. Because petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

Although petitioner is serving sentences imposed in Oklahoma he was, at the time this petition was filed, incarcerated in Kansas under the Interstate Corrections Compact ("ICC"). He alleges that he has a constitutionally protected liberty interest in receiving "achievement" credits, and he is being denied due process because the Kansas Department of Corrections ("KDOC") does

not provide programs which allow him to receive such credits. If he were incarcerated in Oklahoma, he argues, he would receive such credits and, as a result, reduce his sentences. Second, petitioner contends that his due process and equal protection rights were violated by his transfers to other states under the ICC. He also contends that such transfers were in retaliation for exercising his first amendment right to file grievances and as punishment for unsupported allegations of drug activity. Finally, he alleges that his due process rights were violated in January 2005 when an Oklahoma Department of Corrections ("ODOC") official removed petitioner's earned credits without a hearing; he also argues that this action violated his equal protection rights and constituted double jeopardy.

Upon a review of the record and applicable law, Judge Purcell determined that petitioner's claims regarding the alleged denial of a purported right to "achievement" credits and his transfer to out-of-state correctional facilities are properly characterized as claims of constitutional rights violations arising under 42 U. S. C. § 1983 rather than habeas claims. The court agrees, and has thus considered these claims as § 1983 claims, while the remaining contentions are properly construed as seeking habeas relief.

In the Report and Recommendation, Judge Purcell discussed in detail the history of petitioner's incarceration. *See* Report and Recommendation at pp. 2-5. That discussion is accurate and complete, and need not be restated in this order; it is adopted as though set forth herein. The background reflects that petitioner is serving an aggregate 35-year sentence for multiple Oklahoma convictions and has been incarcerated since 1996. Petitioner was transferred several times under the ICC, resulting in incarceration in California, Arizona and Kansas.

On March 11, 2005 petitioner was advised that the ICC coordinator at ODOC had retroactively reduced his classification level because of misconducts issued against petitioner during

his Arizona incarceration. Petitioner was notified in June of 2005 that another reduction had been made. As a result of these reductions, petitioner lost 198 days of earned credits and his classification level.

Petitioner pursued a grievance through ODOC in which he argued that he was denied due process in connection with these decisions; he sought restoration of his earned credits and correction of his classification level; his initial "request to staff" was submitted in June 2005 and was denied. He submitted a second grievance on July 27, 2005 in which he sought reinstatement of his classification level, expungement of misconducts from his record, and restoration of earned credits. On December 5, 2005, he was notified that the appeal of this grievance was returned unanswered due to procedural deficiencies.

Subsequently, petitioner filed grievances with KDOC; these were denied. He then submitted a letter to the ODOC ICC coordinator, again seeking a lower custody classification. That request was denied in a letter dated November 10, 2005.

Petitioner filed this action on April 2, 2007. Respondent contends that his habeas claims are thus untimely because the one-year statute of limitations on those claims commenced on December 5, 2005, when the ODOC appellate review authority issued the final decision on his grievance. Thus, respondent argues, the one-year limitation period on that claim expired on December 6, 2006, more than one year prior to the filing of this action.

As Judge Purcell correctly noted, the one-year statute of limitations prescribed by 28 U. S. C. § 2244 is applicable to petitioner's challenges to administrative decisions. *See* <u>Dulworth v. Evans</u>, 442 F.3d 1265, 1268 (10th Cir. 2006). The one-year period began to run on the date on which the denial of petitioner's administrative appeal became final. *Id.* As a result, this action is

3

untimely unless there is a basis for equitably tolling the limitations period.

The magistrate judge concluded that, based on the record and the applicable law, petitioner has not demonstrate that the limited circumstances on which equitable tolling can be based exist in this case. Neither has he shown that he diligently pursued federal remedies. Thus, the court agrees that petitioner's claims challenging the execution of his sentence are barred by the expiration of the 28 U. S. C. § 2244(d)(1)(D) limitations period, and those claims must be dismissed.

With respect to the remaining claims, Judge Purcell correctly determined that these constitute alleged denials of constitutional rights which are not properly classified as habeas claims, but must instead be construed as arising under 42 U. S. C. § 1983. Respondent argues in support of dismissal that petitioner has no liberty interest in remaining incarcerated in a particular location or facility and that, in any event, these claims are also barred by the applicable statute of limitations.

As Judge Purcell noted, an inmate does not have a constitutionally protected interest is being incarcerated "in any particular prison within a State;" neither does he have a protected interest in being "incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Furthermore, a transfer pursuant to the ICC "does not deprive an inmate of any liberty interest protected by the Due Process Claus in and of itself." *Id.* at 248. Oklahoma has not created a liberty interest in classifying petitioner for custody or programs under Oklahoma's prison procedures, and the ICC procedures do not impose significant hardships on the inmates. Garcia v. Lemaster, 439 F.3d 1215, 1219 (10th Cir. 2006). Thus, the court agrees with Judge Purcell's analysis and his conclusion that petitioner's claims of constitutional deprivations do not state a claim for relief based on the allegations asserted.

Moreover, as Judge Purcell noted, petitioner's claims that his transfers to other state

facilities deprived petitioner of constitutional rights are barred by the applicable two-year statute of limitations[1]. Petitioner's initial transfer occurred in 2003, almost four years before this action was filed. Thus, even if he could state a claim on this basis, the claim would be time-barred.

The court has carefully considered petitioner's objections to the Report and Recommendation and finds that he offers no persuasive argument or authority warranting an alteration of the findings and conclusions therein. Accordingly, having conducted a *de novo* review of the matter, the court adopts the Report and Recommendation [Doc. No. 10] as though fully set forth herein. Respondent's motion to dismiss is thus GRANTED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED this 14th day of June, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

---

[1] *Because § 1983 does not contain a statute of limitations, claims arising under the statute are governed by the applicable state's statute of limitations for personal injury claims. See Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir.1984). In Oklahoma, that limitations period is two years. Okla. Stat. tit. 12, § 95(A)(3).*